UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS BRANDON RACINE,

        Petitioner,

Case No. 2:21-cv-10988

HONORABLE STEPHEN J. MURPHY, III

v.

CHANDLER CHEEKS,

        Respondent.

                              /

## OPINION AND ORDER DISMISSING
## PETITION FOR WRIT OF HABEAS CORPUS [1]

Petitioner Nicholas Brandon Racine filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF 1. Petitioner alleged that he contracted the COVID-19 virus while incarcerated and that the Michigan Department of Corrections ("MDOC") refused to enforce the Governor of Michigan's Executive Order to prevent the spread of COVID-19 by requiring adequate social distancing at the prison or to provide adequate cleaning supplies. *Id.* at 1. For the following reasons, the petition for writ of habeas corpus is denied without prejudice.

### BACKGROUND

Petitioner alleged that prison officials are violating his Eighth Amendment right to cruel or unusual punishment in an ongoing manner by failing to enforce the Governor of Michigan's Executive Order to prevent the spread of COVID-19 in the Thumb Correctional Facility in Lapeer, Michigan. *Id.* Specifically, Petitioner alleged that he already contracted COVID-19, *id.,* and that prison officials have failed to place

1

him and other inmates in single cells to prevent the spread. *Id.* Petitioner seeks to be released from prison because of the risks of contracting COVID-19 a second time. *Id.* at 3.

## LEGAL STANDARD

When a petition for habeas corpus is filed, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *See* Rule 4, *Rules Governing § 2254 Cases*; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970) (stating that the district court has the duty to "screen out" petitions that lack merit on their face). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141.

Where a prisoner's habeas petition seeks release from prison by claiming that no set of conditions of confinement would be constitutionally sufficient, the claim is properly construed as challenging the fact or extent of confinement, which is a cognizable habeas claim under 28 U.S.C. § 2241. *See Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) (*citing Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011)). On the other hand, conditions of confinement claims which seek relief in the form of improvement of prison conditions or a transfer to another facility are not

cognizable under § 2241. *Id.* (*citing Luedtke v. Berkebile,* 704 F.3d 465, 466 (6th Cir. 2013)).

## DISCUSSION

I. <u>§ 2241 Petition</u>

Petitioner's claims are non-cognizable in habeas. Petitioner fails to allege that no set of conditions of confinement would remedy the risk caused by COVID-19. Instead, Petitioner alleges that the prison is failing to abide by the Governor's Executive Order that requires social distancing and providing the inmates sufficient cleaning supplies. ECF 1, PgID 1. Petitioner's allegations suggest that the risk of contracting COVID-19 could be ameliorated if prison officials followed the social distancing rules by placing inmates in single cells and by providing adequate cleaning supplies to prisoners. *Id.* Because Petitioner's claims are seeking relief in the form of improvement of prison conditions, they are non-cognizable in a habeas petition. *Wilson v. Williams*, 961 F.3d at 838.

Claims which challenge the conditions of confinement should normally be brought as a civil rights complaint pursuant to 42 U.S.C.§ 1983. *See Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). The Sixth Circuit informs that the proper course for the Court when it determines that the substance of a pro se habeas petition would be more appropriately reached under 42 U.S.C. § 1983 is to dismiss the petition without prejudice to allow petitioner to raise the claims properly as a § 1983 action. *See Martin v. Overton*, 391 F. 3d 710, 714 (6th Cir. 2004) (holding that the district court should have dismissed the habeas petitioner's § 2241 petition

3

without prejudice to allow petitioner to raise his potential civil rights claims as a § 1983 action rather than to re-characterize it as a § 2254 petition).

II. <u>Certificate of Appealability and Leave to Appeal in Forma Pauperis</u>

28 U.S.C. § 2253 governs appeals in habeas corpus proceedings. A state prisoner who seeks habeas corpus relief under 28 U.S.C. § 2241 must obtain a certificate of appealability to bring an appeal from an order denying such relief. *See Greene v. Tennessee Dep't of Corrections*, 265 F. 3d 369, 372 (6th Cir. 2001). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), *Rules Governing § 2254 Cases*; 28 U.S.C. § 2254.

Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue . . only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F. 3d 1063, 1073 (6th Cir. 1997). Here, Petitioner is not entitled to a certificate of appealability because jurists of reason would not find debatable this Court's decision Petitioner's challenge should be brought in a civil rights complaint pursuant to 42 U.S.C. § 1983 rather than as a habeas action. Petitioner should not be granted leave to proceed in forma pauperis on appeal because any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's petition for a writ of habeas corpus [1] is summarily **DENIED WITHOUT PREJUDICE.**

4

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to appeal in forma pauperis are **DENIED.**

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 19, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 19, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager